Exhibit "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 12/12/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

SWARTZ CULLETON PC
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553/F: (215) 550-6557

Attorneys for Plaintiffs,
Ollie Giles and Christopher Giles

Filed and Attested by the
Office of Judicial Records
15 FEB 2022 10:55 am
S. RICE

| | | |
|---|---|---|
| OLLIE GILES and CHRISTOPHER GILES, w/h | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| 433 Van Siclen Avenue | : | |
| Brooklyn, NY 11207 | : | NO. |
| *Plaintiff* | : | |
| v. | : | **ARBITRATION CASE** |
| | : | |
| HARRY M. WHITE | : | |
| 1208 Margaret Street | : | |
| Munhall, PA 15120 | : | |
| -and- | : | |
| GREYHOUND LINES, INC. | : | |
| c/o CT Corporation System | : | |
| 600 North Second Street, Suite 401 | : | |
| Harrisburg, PA 17101 | : | |
| *Defendants* | : | |

<u>**NOTICE TO DEFEND**</u>

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street
Philadelphia, PA 19107
215-238-6300

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE PHILADELPHIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street
Philadelphia, PA 19107
215-238-6300

Case ID: 220201615

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Maria K. McGinty-Ferris, Esquire
Identification No. 92868
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553/F: (215) 550-6557

Attorneys for Plaintiff,
Ollie Giles and Christopher Giles, w/h

| | | |
|---|---|---|
| OLLIE GILES and CHRISTOPHER GILES, w/h<br>433 Van Siclen Avenue<br>Brooklyn, NY 11207<br>*Plaintiff*<br>v.<br><br>HARRY M. WHITE<br>1208 Margaret Street<br>Munhall, PA 15120<br>-and-<br>GREYHOUND LINES, INC.<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>*Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>NO.<br><br>**ARBITRATION CASE** |

## CIVIL ACTION COMPLAINT

1.      Plaintiffs, Ollie Giles and Christopher Giles, w/h, are adult individuals and citizens of the State of New York, residing therein at the above-captioned address.

2.      Defendant, Harry M. White, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address

3.      Defendant, Greyhound Lines, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located therein at the above-captioned address.

4.      At all times relevant hereto, Defendants, and each of them, acted by and through

2

their respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants.

5.    At all times material herein, Defendant Greyhound Lines, Inc. and/or their respective agents, servants, employees, workmen and/or other representatives owned, leased, possessed, maintained, controlled and/or operated a blue 2018 Prevost motorcoach bus, license plate #K062315, which was involved in the motor vehicle accident hereinafter described.

6.    Upon information and belief, Defendant Harry M. White was operating the aforementioned 2018 Prevost motorcoach bus within the course and scope of his employment with Defendant Greyhound Lines, Inc. at the time of the accident at issue in this matter.

7.    Upon information and belief, Defendant Harry M. White had a history or propensity to drive in a negligent or careless manner which was known, or reasonably should have been known, to Defendant Greyhound Lines, Inc..

8.    Venue exists in Philadelphia County because Defendant, Greyhound Lines, Inc., regularly or continuously conducts business in Philadelphia County.

9.    On or about August 1, 2020, Plaintiff Ollie Giles was a passenger in the aforementioned vehicle, which was being operated by Defendant Harry M. White, traveling westbound in the right lane on the PA Turnpike section of Interstate 76 in Dauphin, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

10.    On or about August 1, 2020, Plaintiff Ollie Giles was a passenger in the aforementioned vehicle, operated by Defendant Harry M. White, traveling westbound in the right lane of the PA Turnpike section of Interstate 76 in Dauphin, Pennsylvania, when, suddenly and without warning, the aforementioned motorcoach bus struck the rear left corner of a Freightliner

3

M2106 delivery truck - causing the delivery truck to overturn, continued to travel along the road, then struck the center concrete barrier with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

11.     Upon information and belief, Defendant Harry M. Whit, received approximately one (1) traffic citation as a result of the motor vehicle accident described herein due to his violation of the Pennsylvania Vehicle Code.

12.     The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, recklessness and/or carelessness of the Defendants and was due in no manner to any act or failure to act on the part of the Plaintiff.

**COUNT I**
**OLLIE GILES v. HARRY M. WHITE**
**NEGLIGENCE**

13.     Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

14.     The aforesaid motor vehicle accident was caused solely by the carelessness, recklessness, and/or negligence of the Defendant Harry M. White which consisted of the following:

      (a)     operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

      (b)     failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

      (c)     operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Ollie Giles, more specifically failing to yield to another vehicle lawfully upon the highway, thus causing injury to Plaintiff;

      (d)     driving carelessly and driving too fast for the conditions of the roadway;

4

(e)   failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(f)   failing to maintain a proper lookout upon the highway;

(g)   failing to regard the point and position of other vehicles upon the highway;

(h)   failing to properly determine the distance between the Defendant's vehicle and the other vehicle upon the highway so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i)   operating a motor vehicle with disregard for the safety of persons upon the highway;

(j)   failing to prevent the aforesaid motor vehicle from striking the rear driver's side of another vehicle;

(k)   failing to keep the aforesaid vehicle in the proper lane of traffic;

(l)   otherwise failing to exercise due and proper care under the circumstances; and

(m)   violating various ordinances and statutes pertaining to the operation of motor vehicles.

15.   By reason of the aforesaid negligence of the Defendant, Plaintiff Ollie Giles has suffered severe and permanent injuries, including, but not limited to: herniation of C5-C6 focal midline intervertebral disc; L4-L5 broad-based posterior disc bulge; intervertebral lumbar disc disorder; lumbar disc displacement; sprain of ligaments of the cervical, lumbar, and thoracic spine; segmental and somatic dysfunction of the cervical, lumbar, and thoracic regions; somatic dysfunction of the sacroiliac joint; sacroiliac pain; thoracic spine pain; lumbalgia; cervicalgia; muscle spasms; as well as aches, pains, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

Case ID: 220201615

16.     As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

17.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earning and/or earning power, and she may incur such loss for an indefinite period in the future.

18.     As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

19.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

20.     As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

Case ID: 220201615

22.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

23.     Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence, recklessness, and carelessness.

24.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

**WHEREFORE**, Plaintiff, Ollie Giles, demands judgement against Defendant, Harry M. White, in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## OLLIE GILES v. GREYHOUND LINES INC.
## NEGLIGENCE

25.     Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

26.     The aforesaid motor vehicle accident was caused solely by the carelessness, recklessness, and/or negligence of the Defendant, Greyhound Lines Inc., which consisted of the following:

    (a)     operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

    (b)     failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

    (c)     operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff, Ollie Giles, more specifically failing to yield to another vehicle lawfully upon the highway, thus causing injury to Plaintiff;

    (d)     driving carelessly and driving too fast for the conditions of the highway;

(e)     failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(f)     failing to maintain a proper lookout upon the highway;

(g)     failing to regard the point and position of other vehicles upon the highway;

(h)     failing to properly determine the distance between the Defendant's vehicle and the other vehicle upon the highway so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

(i)     operating a motor vehicle with disregard for the safety of persons upon the highway;

(j)     failing to prevent the aforesaid motor vehicle from striking the rear driver's side of another vehicle;

(k)     failing to keep the aforesaid vehicle in the proper lane of traffic;

(l)     otherwise failing to exercise due and proper care under the circumstances;

(m)     entrusting its aforesaid motor vehicle to Defendant, Harry M. White, when his propensity for careless and/or negligent driving was or should have been known by Defendant;

(n)     failing to properly recognize prior accidents and/or instances of careless driving of its employees and/or agents, such as Defendant, Harry M. White;

(o)     failing to properly hire employees qualified to drive vehicles;

(p)     failing to properly train, monitor and supervise its employees and/or agents;

(q)     failing to train employees and/or agents on proper driving safety;

(r)     violating various ordinances and statutes pertaining to the operation of motor vehicles.

27.     By reason of the aforesaid negligence of the Defendant, Plaintiff Ollie Giles has suffered severe and permanent injuries, including, but not limited to: herniation of C5-C6 focal midline intervertebral disc; L4-L5 broad-based posterior disc bulge; intervertebral lumbar disc

8

disorder; lumbar disc displacement; sprain of ligaments of the cervical, lumbar, and thoracic spine; segmental and somatic dysfunction of the cervical, lumbar, and thoracic regions; somatic dysfunction of the sacroiliac joint; sacroiliac pain; thoracic spine pain; lumbalgia; cervicalgia; muscle spasms; as well as aches, pains, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

28.     As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

29.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of her earning and/or earning power, and she may incur such loss for an indefinite period in the future.

30.     As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701 et. seq. as amended, for which she claims damages herein.

31.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

Case ID: 220201615

32.     As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of a use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

33.     As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

34.     As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

35.     Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's negligence, recklessness, and carelessness.

36.     At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

**WHEREFORE**, Plaintiff, Ollie Giles, demands judgement against Defendant, Greyhound Lines Inc., in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT III
### CHRISTOPHER GILES v. ALL DEFENDANTS
### LOSS OF CONSORTIUM

37.     Plaintiff hereby incorporates by reference all foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

38.     As a further result of the incident described herein, Plaintiff Christopher Giles has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Ollie Giles, to which he is legally entitled.

Case ID: 220201615

39.    As a further result of the incident described herein, Plaintiff Christopher Giles has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Christopher Giles, demands judgment against Defendants in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By:    /s/ Brandon A. Swartz
       Brandon A. Swartz, Esquire
       Maria K. McGinty-Ferris, Esquire
       Attorneys for Plaintiffs,
       Ollie Giles and Christopher Giles, w/h

Date: February 15, 2022

Case ID: 220201615

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.